UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH MICHAEL ALLEN,

          Plaintiff,

   v.

BRITTANY WEST, *et al.*,

          Defendants.

Case No. C19-1507-TSZ-MLP

REPORT AND RECOMMENDATION

### INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Joseph Allen has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not adequately stated a claim for relief in this action. This Court therefore recommends that Plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on September 19, 2019. (*See* Dkt. # 1.) Plaintiff was at that time confined at the Monroe Correctional Complex

REPORT AND RECOMMENDATION
PAGE - 1

("MCC"), Intensive Management Unit ("IMU"). (*See id*.) Plaintiff has since been released from custody. (*See* Dkt. # 4.) Plaintiff alleged in his complaint that the Defendants named therein violated his rights under the First, Eighth, and Fourteenth Amendments when they retaliated against him, interfered with and/or denied necessary medical and mental health treatment, verbally harassed and/or threatened him, deprived him of his personal property, denied him access to the courts, and discriminated against him. (*See* Dkt. # 6.) Plaintiff identified thirteen members of the MCC staff and the Washington Department of Corrections' Office of the Ombuds as Defendants in his complaint. (*Id*.) Plaintiff requested injunctive relief and damages. (*See id*. at 48.)

After reviewing Plaintiff's complaint, this Court determined that the pleading was deficient. Thus, on November 12, 2019, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to amend. (Dkt. # 7.) The Court explained therein that Plaintiff's pleading was generally deficient because it did not comply with the requirements of Rule 8(a). (*Id*. at 3.) Specifically, the Court noted that Plaintiff's complaint was lengthy, confusing, contained an abundance of apparently extraneous facts, and was insufficient to put any of the purported Defendants on notice of Plaintiff's claims and the grounds upon which they rested. (*Id*.)

The Court also explained, with respect to Plaintiff's claims of retaliation, inadequate medical and mental health treatment, denial of access to the courts, and discrimination, that Plaintiff had not alleged sufficient facts to state any viable claim for relief. (*See id*. at 4-7.) As to Plaintiff's claims regarding verbal abuse and deprivation of property, the Court explained that such claims were not cognizable in the instant action. (*Id*. at 5-6.) Finally, the Court noted that at

least some of Plaintiff's claims were likely barred by the statute of limitations. (*Id*. at 7-8.) Plaintiff was granted thirty days within which to file an amended complaint correcting the noted deficiencies, and he was advised that his failure to do so would result in a recommendation that this action be dismissed. (*Id*. at 8.) To date Plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff failed to state in his original pleading any claim upon which relief could be granted under § 1983, and because he failed to file an amended pleading correcting the deficiencies identified in the Court's Order declining to serve his original pleading, this action should be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii). This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

REPORT AND RECOMMENDATION
PAGE - 3

will be ready for consideration by the District Judge on **January 17, 2020**.

DATED this 26th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4